C9E8SANP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            11 Cr. 569 (PAC)

PABLO IVAN SANTIAGO,

            Defendant.

------------------------------x
                                          September 14, 2012
                                          11:20 a.m.
Before:

                    HON. PAUL A. CROTTY

                                          District Judge

                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
JESSICA A. MASELLA
     Assistant United States Attorney

GLENN A. GARBER
     Attorney for Defendant
```

1               (Case called)
2               THE DEPUTY CLERK:  Counsel for the government please
3    state your appearance for the record.
4               MS. MASELLA:  Good morning, your Honor.  Jessica
5    Masella for the government.
6               THE COURT:  Ms. Masella.
7               MR. GARBER:  Glenn Garber for Mr. Santiago.  Good
8    morning, your Honor.
9               THE COURT:  Mr. Garber.
10              Mr. Santiago, how are you?
11              THE DEFENDANT:  Good morning, your Honor.
12              THE COURT:  Mr. Garber, we are going to take a plea
13   from Mr. Santiago today?
14              MR. GARBER:  That's correct.
15              THE COURT:  After we arraign him on the superseding
16   indictment?
17              MS. MASELLA:  One moment, your Honor.
18              MR. GARBER:  That's not a problem.
19              THE COURT:  So we are going to arraign him first on
20   the superseding indictment and then take his plea?
21              MR. GARBER:  That's correct.
22              THE COURT:  You have explained the procedures to Mr.
23   Santiago?
24              MR. GARBER:  Yes, I have, your Honor.
25              THE COURT:  Marlon, would you swear in Mr. Santiago?

C9E8SANP

1              (Defendant sworn)

2              THE COURT:  Please sit down, Mr. Santiago.

3              I want to remind you now, Mr. Santiago, that you are

4    under oath and you have to answer truthfully the questions I

5    put to you.  If you answer falsely, your answers can be used

6    against you in another prosecution for perjury or making a

7    false statement.  Do you understand?

8              THE DEFENDANT:  Yes.

9              THE COURT:  If there is anything I ask you that you

10   don't understand, please turn to Mr. Garber and he will clarify

11   it for you.  All right?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Now, would you state your name for the

14   record, please, and give us your date of birth?

15             THE DEFENDANT:  Pablo I. Santiago.  Birthdate is

16   8/6/64.

17             THE COURT:  Have you seen the indictment, superseding

18   indictment number S6 11 Cr. 569?

19             MR. GARBER:  Just so the Court is aware, I have

20   explained the differences between the other indictment and that

21   one, and we have gone over it in substance, but I have not

22   actually shown him a physical copy of it.  And the plea today

23   is going to be to one of the original counts, not the additions

24   on the superseder.

25             THE COURT:  OK.  You had the new indictment explained

1  to you?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  You had the old indictment explained to
4  you as well?

5          THE DEFENDANT:  Yes.

6          THE COURT:  You are familiar with the charges against
7  you?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you want me to read the superseding
10 indictment to you?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  You want to enter a plea now?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  What is your plea?

15         MR. GARBER:  He will plead not guilty to the
16 superseder.  Is that the order that you want to take this in?

17         THE COURT:  I thought he was going to plead guilty.

18         MR. GARBER:  He is.

19         THE COURT:  OK.  So he is going to plead guilty then,
20 correct?

21         MR. GARBER:  Yes.

22         THE COURT:  Is that right, Mr. Santiago?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Can you tell us how far you went in
25 school, Mr. Santiago?

C9E8SANP

1            THE DEFENDANT:  High school, your Honor.
2            THE COURT:  Here in New York?
3            THE DEFENDANT:  Puerto Rico, your Honor.
4            THE COURT:  How long have you been here in New York
5    City?
6            THE DEFENDANT:  How long have I been in New York City?
7            THE COURT:  How old were you when you came to New
8    York?
9            THE DEFENDANT:  I was born in New York.
10           THE COURT:  Are you currently under the care of a
11   physician or a psychiatrist for any medical or emotional
12   problems?
13           THE DEFENDANT:  Yes, your Honor.
14           THE COURT:  What is your medical or emotional problem?
15           THE DEFENDANT:  Schizophrenia.
16           THE COURT:  I didn't hear you.
17           THE DEFENDANT:  Schizophrenia.
18           THE COURT:  You are taking medication for that?
19           THE DEFENDANT:  Yes, your Honor.
20           THE COURT:  How do you feel?
21           THE DEFENDANT:  A little nervous.
22           THE COURT:  Do you understand what you are doing?
23           THE DEFENDANT:  Yes, your Honor.
24           THE COURT:  Is your mind clear?
25           THE DEFENDANT:  Yes, your Honor.

C9E8SANP

1           THE COURT:  Do you know that Mr. Garber is your
2   attorney?
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  You have reviewed the indictment with Mr.
5   Garber?
6           THE DEFENDANT:  Yes, your Honor.
7           THE COURT:  Has Mr. Garber explained to you what the
8   indictment means?
9           THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Do you know what you are being charged
11  with?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  And you know the consequences of pleading
14  guilty?
15          THE DEFENDANT:  Yes, your Honor.
16          THE COURT:  Has Mr. Garber explained that to you?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  Are you satisfied with Mr. Garber's advice
19  and counsel and representation?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  Now, by pleading guilty, Mr. Santiago, you
22  are giving up valuable rights, and I have to review those
23  rights with you to make sure you understand.
24          The first is you have a right to plead not guilty to
25  the offense charged against you and to persist in that plea.

1            Do you understand?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  You have the right to a trial by a jury of
4    12 people.  At trial, you would be presumed innocent.  The
5    government would have to prove your guilt beyond a reasonable
6    doubt and a jury of 12 would have to be unanimous.

7            Do you understand?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  You have the right to the assistance of
10   counsel for your defense and, if necessary, have the court
11   appoint counsel at trial and every other stage of the
12   proceeding.

13           Do you understand?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  And Mr. Garber could object to the
16   government's evidence, you would have the right to see and hear
17   all the witnesses and have Mr. Garber cross-examine them in
18   your defense.

19           Do you understand?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Mr. Santiago, you have the right to see
22   and hear all the witnesses and have them cross-examined in your
23   defense.  You would have the right to testify and present
24   evidence, and the issuance of subpoenas, compulsory process, to
25   compel the attendance of witnesses to testify in your defense.

1              Do you understand?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that you can decide not
4    to testify or put on any evidence and these facts could not be
5    used against you, and I would instruct the jury that they could
6    not consider your not testifying, your not putting on any
7    evidence?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Do you understand that by entering a plea,
10   if I accept that plea, there will be no trial, and you will
11   have waived or given up your rights to a trial as well as those
12   rights that I have just described to you?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  And that by pleading guilty, I will be
15   able to sentence you just as if a jury had returned a guilty
16   verdict after a full trial on the merits?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Now, we have marked as Court Exhibit 1 a
19   letter from Telemachus Kasulis to Mr. Garber, dated September
20   6.

21             Mr. Santiago, have you seen Court Exhibit 1 before?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Have you reviewed it with Mr. Garber?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  First of all, I want to tell you this is

1  not a plea agreement.  This is just the government's estimate
2  of how the guidelines will be calculated given the charges
3  against you in the indictment.
4           THE DEFENDANT:  Yes, your Honor.
5           THE COURT:  Now, you are being charged with a
6  violation of 21 U.S.C., Sections 812, 841(a), 841(b)(1)(A) and
7  846.  Do you understand that this carries a maximum term of
8  life imprisonment, a mandatory minimum term of imprisonment of
9  ten years, a maximum term of lifetime supervised release, and a
10 mandatory minimum term of supervised release of five years, a
11 maximum fine of up to $10 million, twice the gross pecuniary
12 gain derived from the offense or twice the loss to someone
13 other than yourself, and a mandatory $100 special assessment?
14          Those are the maximums that can be imposed.  Do you
15 understand?
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  If you violate the terms of your
18 supervised release, you could be given more time in jail.
19          THE DEFENDANT:  Yes, your Honor.
20          THE COURT:  At page 2, did you review with Mr. Garber
21 how the offense level is calculated?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  Do you understand the offense level for
24 Count One is 41?
25          THE DEFENDANT:  Yes, your Honor.

C9E8SANP

1           THE COURT:  And you are in Criminal History Category
2    I.
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  So that the government calculates that the
5    guidelines call for imprisonment of 324 to 405 months with a
6    mandatory minimum sentence of 120 months.
7           Do you understand?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  And you will be fined in the range of
10   $25,000 to $10 million.  Do you understand?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  I want to point out to you that at the
13   bottom of page 3 of 4 that this letter does not and cannot bind
14   either the Court or the United States probation office.
15          Do you understand?
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  The guidelines are not mandatory; they are
18   discretionary.
19          Do you understand?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  So it's up to me to impose the sentence on
22   you.
23          THE DEFENDANT:  Yes.
24          THE COURT:  I must impose a sentence of 120 months,
25   which is the mandatory minimum, and I can sentence you to a

1   range as high as the maximums that we have already discussed
2   with you.
3            Do you understand?
4            THE DEFENDANT:  Yes, your Honor.
5            MR. GARBER:  There is one caveat to that.  This is an
6   open plea.  There are still some issues that the Court may
7   decide.  So he may be safety valve eligible, given he is
8   Criminal History Category I, and may be eligible for relief of
9   the mandatory minimum.  Those are the discussions I have had
10  with him about this just so the Court is aware.  Obviously, he
11  has answered your question that he understands the mandatory
12  minimum.
13           THE COURT:  The important thing, Mr. Garber, is not
14  what can happen on the downside, but that he understands what
15  the maximums are that could be imposed upon him; that's what I
16  have to warn him of.
17           MR. GARBER:  Of course.  It's really for his
18  edification.
19           THE COURT:  I don't mind that emendation because it's
20  accurate, but my duty is to advise him of the maximums that
21  could be imposed upon him.
22           MR. GARBER:  Of course.
23           THE COURT:  Is there anything else about this letter
24  you want me to call to his attention, Mr. Garber?
25           MR. GARBER:  He has one question for me.

1                 THE COURT:  Yes.

2                 Ms. Masella, anything from you?

3                 MS. MASELLA:  Not from me.  Thank you, your Honor.

4                 MR. GARBER:  Thank you, your Honor.

5                 THE COURT:  Now, Mr. Santiago, are you pleading guilty
6    as a result of your own free will?

7                 THE DEFENDANT:  Yes, your Honor.

8                 THE COURT:  Nobody has made any threats or promises to
9    you to get you to plead guilty?

10                THE DEFENDANT:  No, your Honor.

11                THE COURT:  Ms. Masella, could you please rise now and
12   summarize Count One to which Mr. Santiago is pleading, explain
13   the essential elements of the offense and what your proof would
14   be to establish this beyond a reasonable doubt?

15                MS. MASELLA:  Yes, your Honor.

16                Count One charges Mr. Santiago and others with
17   participating in a conspiracy to possess with intent to
18   distribute and to distribute 1,000 kilograms and more of
19   marijuana and 5 kilograms and more of cocaine.

20                In order to prevail at trial, the government would
21   have to show, first, that such a conspiracy or illegal
22   agreement between two or more persons existed and that one
23   object was to distribute 1,000 kilograms and more of marijuana
24   and another object was to distribute 5 kilograms and more of
25   cocaine; and, secondly, that Mr. Santiago knowingly joined that

1    conspiracy or illegal agreement.
2             The government would also have to show that venue is
3    proper by showing that at least one overt act in furtherance of
4    the conspiracy occurred within the Southern District of New
5    York.
6             In terms of the government's evidence at trial, the
7    government would produce audio recordings made pursuant to
8    Title III wiretaps, physical evidence, such as the cocaine
9    purchased from members of the organization, and the testimony
10   of multiple cooperating witnesses proving the existence of the
11   conspiracy and that Mr. Santiago was a part of it.
12            THE COURT:  Mr. Garber, do you know of any reason why
13   Mr. Santiago should not plead guilty?
14            MR. GARBER:  No, your Honor.
15            THE COURT:  Mr. Santiago, could you please rise now
16   and tell us in your own words what you did?
17            THE DEFENDANT:  Between the years of 2007 and 2011, I
18   participated in what I know to be a conspiracy to sell more
19   than 1,000 kilograms of marijuana.  Some of the conduct I
20   participated in occurred in the Bronx.  I know what I was doing
21   was wrong, and I apologize.
22            THE COURT:  Is that adequate for your purposes, Ms.
23   Masella?
24            MS. MASELLA:  It is, your Honor.
25            THE COURT:  Mr. Garber, is that adequate for your

1  purposes?

2              MR. GARBER:  Yes.

3              THE COURT:  Please sit down, Mr. Santiago.

4              It is the finding of the Court in the case of United

5  States of America against Pablo Ivan Santiago, S6 11 Cr. 569

6  that Mr. Santiago is fully competent and capable of entering an

7  informed plea.  He is aware of the charges against him and the

8  consequences of his plea of guilty.  The plea of guilty is

9  knowing, it's voluntary, it's supported by an independent basis

10 in fact containing each of the essential elements of the

11 offense.  I therefore accept the plea and adjudge Mr. Santiago

12 guilty of the offense charged.

13             Do we have a date for sentence, Marlon?

14             THE DEPUTY CLERK:  Wednesday, January 16, 2013, at 4

15 p.m.

16             THE COURT:  Ms. Masella.

17             MS. MASELLA:  Your Honor, at this time, because the

18 defendant has pleaded guilty to a narcotics charge with a

19 mandatory minimum of ten years and a maximum of life, we are

20 requesting that he be remanded because it is mandatory under

21 the bail statute.

22             THE COURT:  Mr. Garber, any objection?

23             MR. GARBER:  I am aware of that.  No, your Honor.

24             THE COURT:  Is the marshal present?

25             MARSHAL:  Yes, your Honor.

1          THE COURT:  Mr. Santiago is remanded.  Bail is revoked
2    and he is remanded.
3          I am signing an order.  For the reasons stated on the
4    record at the change of plea proceeding held on September 14,
5    Mr. Santiago's bail is revoked and he is remanded to the
6    custody of the marshal.  Further details are contained in the
7    transcript of this proceeding.  I am signing the order.  It's
8    dated September 14.  Give the order to the marshal.
9          (Adjourned)